# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ANDREW A. SAPP,**

    **Plaintiff,**

**vs.**                                                   **Case No.  4:24cv332-AW-MAF**

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, to this Court on August 21, 2024.  However, because Plaintiff did not pay the filing fee or file an in forma pauperis motion, an Order was entered, ECF No. 3, advising Plaintiff that he must do one or the other to proceed.

In mid-September, Plaintiff filed a motion requesting leave to proceed in forma pauperis.  ECF No. 4.  That motion was denied because it was not clear that the motion was signed by Plaintiff Andrew Sapp as opposed to a paralegal who was assisting Plaintiff.  An Order was entered, ECF No. 5, advising Plaintiff that a paralegal could not represent him and reminding Plaintiff that such information had been conveyed to him previously in prior

litigation.  *See* case # 4:23cv242-AW-MAF, ECF No. 4.  Moreover, the motion was denied because Plaintiff received sufficient funds with which to pay the $405 filing fee for this case.  ECF No. 5.  Plaintiff was given until October 9, 2024, to submit payment of the filing fee to the Clerk of Court.  *Id.*  Plaintiff was also required to file an amended complaint which is clearly signed under penalty of perjury by Plaintiff, in his name only.  *Id.*  The **October 9, 2024**, deadline has passed, but nothing further has been received from Plaintiff.  Plaintiff was warned that if he failed to comply with that Order, a recommendation to dismiss this case would be entered.  *Id.*  Because it appears hat Plaintiff has abandoned this litigation, dismissal is appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d

1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiff was warned that if he failed to comply, his case would be dismissed.  ECF No. 5.  Because Plaintiff has failed to prosecute this case after being warned of the consequences, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with Court Orders and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue**

Case No. 4:24cv332-AW-MAF

**contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**